Hyosung USA, Inc. v. Travelers Prop. Cas. Co. of Am., 2022 NCBC 27.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION 19-CVS-23974 |
| MECKLENBURG COUNTY | |
| HYOSUNG USA, INC., | |
| Plaintiff, | |
| v. | **FINAL JUDGMENT AGAINST DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | |
| Defendant. | |

1.     **THIS MATTER** is before the Court on Plaintiff Hyosung USA, Inc.'s ("Hyosung") Motion for Entry of Final Judgment against Defendant Travelers Property Casualty Company of America ("Travelers") (the "Motion").  (ECF No. 124.) Travelers has advised by email that it does not object to the entry of a final judgment in the form attached to the Motion.  Having considered the Motion, Travelers' position on the Motion, and other appropriate matters of record, the Court **GRANTS** the Motion and enters final judgment for Hyosung as provided herein.

> *Bray & Long, PLLC, by Jeffrey A. Long, and Thompson Hine LLP, by Christopher M. Bechhold, for Plaintiff Hyosung USA, Inc.*
>
> *Womble Bond Dickinson (US) LLP, by Ryan H. Niland, and Niles, Barton & Wilmer, LLP, by Bryant Green and Craig D. Roswell, for Defendant Travelers Property Casualty Company of America.*

Bledsoe, Chief Judge.

I.

FINDINGS OF FACT

2.      Hyosung filed two motions for partial summary judgment in this action under Rule 56 of the North Carolina Rules of Civil Procedure seeking to establish its preferred interpretation of certain terms of an insurance policy Travelers issued to Hyosung (the "Travelers Policy").[1]  Hyosung's first Rule 56 motion, (the "First Motion," ECF No. 81), sought a declaration that an insurance policy former defendant Hartford Fire Insurance Company ("Hartford") issued[2] was not "other insurance" under the Travelers Policy, and the second Rule 56 motion, (the "Second Motion," ECF No. 92), sought a declaration that the events at issue in this action constituted a single occurrence under the Travelers Policy to which a single "windstorm" deductible applied.

3.      On 16 December 2021, the Court issued its Order and Opinion on Plaintiff Hyosung's First and Second Motions for Partial Summary Judgment against Defendants Travelers and Hartford (the "Opinion"), (ECF No. 119), granting both Motions and holding, among other things, that:

    i.  [T]he Hartford Policy does not constitute Other Insurance under the
        terms of the Travelers Policy. . . ;[3]

---

[1] The Travelers Policy is a first-party property policy and is in the record at ECF No. 82.2 (the "Travelers Policy").

[2] The Hartford policy at issue in this litigation (the "Hartford Policy") is a third-party liability insurance policy issued to former defendant Logipia USA, Inc. ("Logipia") and is in the record at ECF No. 82.3.

[3] Travelers refused to pay Hyosung under the Travelers Policy, contending that Travelers had no duty to indemnify Hyosung for the first $2 million of loss for each Incident (a total of

ii. [A]ll loss or damage arising from Incident 1 and Incident 2 constituted a single "occurrence" under the Travelers Policy; [and]

iii. [A] single Windstorm Deductible applies to all loss or damage arising from Incident 1 and Incident 2 under the Travelers Policy;

and "ordering Travelers to pay to Hyosung the $1.55 million that Travelers deducted from its payment to Hyosung for Incident 2 under the Travelers Policy."[4] (Op. ¶ 60.)

4.     Based on the Court's conclusion concerning "other insurance," the Court dismissed Hyosung's claims against Hartford. (Op. ¶ 60(a)).

5.     On 22 March 2022, Hyosung voluntarily dismissed its claims against former defendant USI Insurance Services, LLC with prejudice. (ECF No. 122.)

6.     On 6 May 2022, Hyosung voluntarily dismissed its claims against Logipia without prejudice. (ECF No. 123.)

7.     On 19 May 2022, Logipia voluntarily dismissed its claims against Duke Realty without prejudice. (ECF No. 125.)

8.     As a result of the dismissals and judgment set forth above, the only remaining defendant in the case is Travelers.

---

$4 million) because the Other Insurance provision in the Travelers Policy required Hyosung to recover those sums from Hartford under the Hartford Policy. (Op. ¶ 14.)

[4] Incident 1 refers to the event occurring "[o]n or about 19 April 2019 [when] a Windstorm [as defined in the Travelers Policy] removed large portions of the . . . roof [of a warehouse (the "Warehouse") owned by former third-party defendant Duke Realty Limited Partnership ("Duke Realty")], allowing water to enter the Warehouse and damage and/or destroy Hyosung [p]roducts stored there." (Op. ¶ 12.) Incident 2 refers to the event occurring "on 26 April 2019, [when] the plastic sheeting [installed to prevent further water damage] failed and allegedly activated the Warehouse's sprinkler system, causing further water damage to Hyosung's [p]roducts." (Op. ¶ 12.)

II.

CONCLUSIONS OF LAW

9.      In granting Hyosung's motions for partial summary judgment, the Court has now ruled on all the legal claims for relief asserted by Hyosung against Travelers. (Op. ¶ 60.)  Travelers therefore owes Hyosung (i) $4 million for withholding this amount based upon Travelers' contention that the Hartford Policy constituted "other insurance" under the terms of the Travelers Policy and (ii) $1.55 million for withholding this amount as a second "windstorm" deductible based upon Travelers' contention that Incidents 1 and 2 constituted separate Windstorm occurrences under the Travelers Policy.  (Op. ¶¶ 14, 60.)

10.     Accordingly, Travelers owes Hyosung a total of $5.55 million ($4 million + $1.55 million), which Travelers wrongfully withheld from the funds it owed to Hyosung under the Travelers Policy.

11.     Hyosung is also entitled to both pre- and post-judgment interest on this amount pursuant to N.C.G.S. § 24-5(a).

12.     Pursuant to N.C.G.S. §24-1, the legal rate of interest is eight percent (8%).

13.     Travelers breached the terms of the Travelers Policy on 28 June 2019 when it refused to reimburse Hyosung for its losses.  (Op. ¶¶ 14, 34, 55, 60; *see also* ECF Nos. 82.4, 82.5.)

14.     Thus, interest began to accrue on 28 June 2019 and continues to accrue against the judgment amount, $5.55 million, until paid.  N.C.G.S. § 24-5(a).

## III.

## CONCLUSION

15. **WHEREFORE**, for the reasons set forth above, the Court hereby **GRANTS** Hyosung's Motion for Entry of Final Judgment and **ENTERS FINAL JUDGMENT** against Travelers in the amount of $5.55 Million plus pre- and post-judgment interest at the legal rate of 8% from 28 June 2019 until satisfied.

**SO ORDERED**, this the 24th day of May, 2022.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge